WILLIAM M. HARRIS *vs.* THE GRAND TRUNK RAILWAY COMPANY.

In Rhode Island, a common carrier receiving goods for a destination beyond his line is, in the absence of special contract, not liable for the faults of subsequent carriers receiving the goods.

A. sued B., a common carrier, for the non-delivery in Providence of goods delivered to it in Canada for shipment, which B. had transported and delivered to the next carrier. To support the action, A. produced a bill of lading which provided that B.'s liability should cease on B.'s completing the transportation over its own line. A. also produced a letter from B.'s agent acknowledging information as to through rates, and stating, "We can now take car-load lots N. to Providence by the above named route at 25c. per 100 lbs." There was no evidence that A. was surprised at the bill of lading, or that A.'s shipping agent did not know its terms.

*Held*, that the evidence did not sustain the declaration.

PLAINTIFF'S petition for a new trial.

*July* 17, 1886. PER CURIAM. This is an action for the non-delivery of peas bought by the plaintiff in Canada, and shipped to him in Providence over the railway of the defendant corporation. The only evidence of shipment produced by the plaintiff is the bill of lading, signed by the agent of the defendant corporation, which acknowledges the receipt of the peas in good order, to be

---

[1] As follows:—

sent by the company, subject to the terms and conditions stated in and on the back of the bill of lading. Among the conditions on the back is one to the effect that, where goods are addressed to consignees beyond places at which the company has stations, the delivery of the goods by the company will be considered complete, and all responsibility of the company shall cease, when the other carrier shall have received notice that the company is prepared to deliver to such carrier said goods for further conveyance. The contract shown by this bill of lading is not a contract to deliver at Providence, but only a contract to carry to the terminus of the defendant's road, and there forward the goods over the other roads. Therefore it does not support the declaration.

In order to maintain the action it was necessary for the plaintiff to show some other contract different from that evidenced by the bill of lading. The only evidence offered of any other contract was a letter from an agent of the defendant corporation to the plaintiff, dated February 27, 1884, about two months prior to the shipment of the peas in question, in which the writer said: " I have been notified of the arrangement for quoting Boston rates to Providence, R. I., via Northern N. H. & W. & N. R. R., and have so advised Mr. Lockhart. We can now take peas in car-load lots, Newcastle to Providence, R. I., by the above named route at 25c. per 100 lbs." . . . In *Knight* v. *Providence & Worcester R. R. Co.* 13 R. I. 572, 574, this court recognized as the rule of law that when a carrier receives goods marked to a place beyond the terminus of his own line, without more, or without any further or special contract, he is only liable to carry safely to the end of his own route, and deliver to the next carrier on the usual route. In view of this rule, and in the absence of testimony to the contrary, we think that the letter referred to is not to be considered as an offer to *carry* the peas from Newcastle to Providence, but only to *take* them, and that, by its terms, it cannot be construed to mean more than an offer by the defendant to take them for carriage to the end of its own route, and there deliver them to the next carrier on the route named, to be forwarded by such carrier. The plaintiff did not testify that the bill of lading was any surprise to him, nor did he produce his agent who shipped the peas to testify that the agent did not know perfectly well the terms of the bill of lading when he shipped them under it.

In *Pereira* v. *Central Pacific Railway Co.* 18 Amer. & Eng. R. R. Cas. 565, and *Railroad Co.* v. *Pratt*, 22 Wall. 123, cited by the plaintiff to show that he was not bound by the terms of the bill of lading, there was evidence from which the jury were warranted in finding that there was another contract under which the consignor supposed he was sending his goods. In *Chicago & N. W. Railway Co.* v. *Monfort*, 60 Ill. 175, there was no such evidence ; but in Illinois the law is that, where goods are delivered to a carrier for carriage to a place beyond the terminus of its road, the company receiving them is bound to carry them to the place of their destination unless it expressly limits its liability to its own road.

The plaintiff makes the point that this is a Canada contract and governed by the English law. The question what is the law of a foreign state is a question of fact, and no testimony was submitted to show what is the law of Canada in this respect.

*Petition dismissed.*